IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| CHRISTINA MELINDER | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-10-463 |
| | § | |
| HOMECOMINGS FINANCIAL, ET AL. | § | |

## OPINION AND ORDER

Before the Court is the "Motion to Dismiss Plaintiff's Counterclaim" filed by Intervenor, Homecomings Financial, LLC (Homecomings) on December 12, 2011. Having considered the Motion, the Parties' relevant pleadings and submissions, and the referenced Settlement Agreement, the Court now issues this Opinion and Order.

On November 21, 2011, Plaintiff, Christina Melinder, filed her counterclaim against Homecomings for breach of the Settlement Agreement's "Covenant not to Sue" provision; the counterclaim also seeks to recover attorney's fees under Sections 37.009 and 38.001 of the Texas Civil Practice & Remedies Code. Homecomings' Motion seeks the dismissal of the counterclaim in its entirety.

Insofar as Homecomings' Motion targets Melinder's breach of the Settlement Agreement claim, it will be granted. Homecomings intervened in this case to, *inter alia*, enforce the Settlement Agreement against Melinder by resolving their competing claims to the insurance proceeds now being held by Texas Farmers. Such a claim is specifically exempted from any coverage under the Settlement Agreement which provides that "(n)othing in this Agreement shall be interpreted to apply to (a) claims arising out of the failure of a Party to perform in conformity with the terms of this Agreement." Homecomings alleges that Melinder breached the Settlement Agreement by interfering with its claim to the insurance proceeds which, Homecomings asserts,

Melinder "agreed" belonged to Homecomings by virtue of its payment to her of an equivalent amount pursuant to the settlement. The Settlement Agreement envisioned just such a lawsuit.

It is, therefore, **ORDERED** that Homecomings Motion (Instrument no. 61) is **GRANTED** as to this claim and Melinder's counterclaim for breach of the Settlement Agreement is **DISMISSED**.

Having dismissed Melinder's cause of action for breach of contract, her claim for attorney's fees under Section 38.001 lacks any foundation and it too is **DISMISSED**.

Melinder's claim for attorney's fees under Section 37.009, however, survives. While not artfully pleaded, the Court understands this claim as one for fees incurred for Melinder's projected successful defense against Homecomings' declaratory judgment action. If Melinder defeats Homecomings' claim for declaratory relief, the Court, in its discretion, could consider an award for attorney's fees that are "equitable and just" under the circumstances. See City of Holliday v. Wood, 914 S.W.2d 175, 178 (Tex. App. -- Ft. Worth, 1995) (The awarding of attorneys' fees is not limited to the plaintiff or party affirmatively seeking declaratory relief.) The merits of Melinder's counterclaim for these attorney's fees cannot be determined until the resolution of Homecomings' declaratory judgment action.

It is, therefore, further **ORDERED** that Homecomings' Motion (Instrument no. 61) is **DENIED** insofar as it seeks the dismissal of Melinder's claim for attorney's fees under Section 37.009.

**DONE** at Galveston, Texas, this ____19th____ day of January, 2012.

John R. Froeschner
United States Magistrate Judge